IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
CHIEF JUDGE MARCIA S. KRIEGER

Civil Action No. 18-cv-01589-MSK-NYW

PAT SULLIVAN,
JAMES WORSHAM, and
STARR DAVIS,

    Plaintiffs,

v.

DAVITA HEALTHCARE PARTNERS, INC., and
TOTAL RENAL CARE, INC.,

    Defendants.
------------------------------------------------------------------------
Civil Action No. 18-cv-01591-MSK-NYW

LACEY WILSON,

    Plaintiff,

v.

DAVITA HEALTHCARE PARTNERS, INC., and
TOTAL RENAL CARE, INC.,

    Defendants.
------------------------------------------------------------------------
Civil Action No. 18-cv-01593-MSK-NYW

FERNANDINO FUSTERO, and
IDA DANDRIDGE,

    Plaintiffs,

v.

DAVITA HEALTHCARE PARTNERS, INC., and
TOTAL RENAL CARE, INC.,

    Defendants.
------------------------------------------------------------------------

**Civil Action No. 18-cv-01594-MSK-NYW**

**DONNA WEATHERBY,
LIAN TANG, and
KAREN JUDD,**

    **Plaintiffs,**

v.

**DAVITA HEALTHCARE PARTNERS, INC., and
TOTAL RENAL CARE, INC.,**

    **Defendants.**

## OPINION AND ORDER GRANTING MOTIONS TO DISMISS

**THIS MATTER** comes before the Court pursuant to the Defendants' (collectively "DaVita") Motions to Dismiss (**# 27** in -1589, **# 26** in -1591, **# 30** in -1593, and **# 27** in -1594) and the Plaintiffs' corresponding responses[1]; and DaVita's Motions to Stay (**# 28** in -1589, **# 27** in -1591, **# 31** in -1593, and **# 28** in -1594), the Plaintiffs' corresponding responses and DaVita's replies.

## FACTS

A full understanding of the issues herein requires some historical background. In 2017, numerous DaVita employees – including all of the named Plaintiffs herein, among others – commenced a series of lawsuits against DaVita under the Fair Labor Standards Act ("FLSA), alleging that the employees were denied required overtime compensation by DaVita (hereafter, "the 2017 cases"). DaVita moved to dismiss the 2017 cases under Fed. R. Civ. P. 12(b)(6).

---

[1]     Pursuant to D.C. Colo. L. Civ. R. 7.1(d), the Court is satisfied that the issues in dispute are sufficiently presented and the Court is prepared to rule, despite the time for reply briefs having yet to run.

Despite the plaintiffs' attempts to amend their complaints to cure any deficiencies, this Court ultimately granted several of DaVita's motions to dismiss several of the 2017 cases in an order dated June 22, 2018. *See generally Harris v. DaVita Healthcare Partners*, D.C. Colo. Case No. 17-cv-02741-MSK-NYW, Docket # 46.

The plaintiffs in the dismissed cases did not file an appeal, a request for reconsideration, nor seek an opportunity to again amend their pleadings to cure the deficiencies identified by the Court. Instead, they filed new cases – those now before the Court. The Complaints in these cases are somewhat more specific than those adjudicated in the 2017 cases. For example, rather than simply alleging that the plaintiffs worked a certain number of hours per week in excess of 40 without receiving overtime compensation, these Complaints identify particular practices by DaVita that resulted in the Plaintiffs not receiving overtime. Each Plaintiff alleges that in addition to their scheduled hours, they "clock[ed] out for meal breaks," but that on a certain percentage of occasions those "meal breaks were interrupted and/or completely missed . . . due to co-worker interruptions and in order to complete [the Plaintiff's] job duties," but that they were not paid for these hours. *See e.g.* Docket # 1, ¶ 27 in -1589. Most of the Plaintiffs further allege that they regularly "worked [a certain number of hours] off the clock," either before or after their shift, "performing job duties," but again, were not paid the mandatory time-and-a-half wages for these hours. *See e.g.* Docket #1, ¶ 24 in -1591. A few allege that they were not compensated for specific hours spent traveling as part of their job duties. *See e.g.* Docket # 1, ¶ 28 in -1589. Based on these allegations, each Plaintiff in the instant cases asserts a single claim[2] for violation of the Fair Labor Standards Act ("FLSA), 29 U.S.C. § 207.

---

[2] Each Plaintiff also intends to pursue their claims as a collective action under 29 U.S.C. § 216(b). The question of whether pursuit of a collective action is appropriate is separate from the inquiry the Court conducts here – that is, whether the individual Plaintiffs state colorable FLSA

3

DaVita moves to dismiss each of these Complaints pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the claims are barred by the doctrine of *res judicata* resulting from the June 22, 2018 order that dismissed Plaintiffs' 2017 cases. DaVita contends that such the prior dismissal constitutes an adjudication on the merits of the claim that prevents the Plaintiffs herein from bringing new suits alleging the same claims.

In response, the Plaintiffs offer several arguments: (i) because this Court erred in its analysis of the Complaints in the 2017 cases, the Plaintiffs were not given a full and fair opportunity to litigate their claims; (ii) a dismissal for failure to state a claim is not necessarily a determination on the merits, and (iii) the cases do not involve the same parties because some plaintiffs from the 2017 suits are not among the Plaintiffs here.

Separately, DaVita moves to stay proceedings in each of these cases pending resolution of its motions to dismiss. Because this Order disposes of DaVita's substantive motions, its motions to stay are denied as moot.

## **ANALYSIS**

The doctrine of *res judicata* precludes a party from re-litigating issues that were or could have been raised in an earlier action. The party invoking the doctrine of *res judicata* has the burden of showing its preclusive effect. Thus, DaVita must show: (i) that the court entered a judgment on the merits of the claim in question in a prior suit; (ii) that the parties in both the prior and current suits are identical or in privity with one another; (iii) that the cause of action was identical in both suits; and (iv) that the party to be bound had a full and fair opportunity to litigate its claims. *Phan v. Hipple*, 735 Fed.Appx. 492, 494 (10th Cir. 2018), *citing City of*

---

claims in their own right -- and thus, the Court need not reach or consider the collective action allegations at this time.

*Eudora v. Rural Water District*, 875 F.3d 1030, 1034-35 (10th Cir. 2017); *Nwosun v. Gen. Mills Restaurants, Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997).

There is no dispute that the Plaintiffs were the plaintiffs in the cases filed in 2017. For example, Pat Sullivan, James Worsham, and Starr Davis who are plaintiffs in the -1589 case are the same Pat Sullivan, James Worsham, and Starr Davis that were named plaintiffs in D.C. Colo. Case No. 17-cv-02745-MSK-NYW. Lacey Wilson in the -1591 case is the same Lacey Wilson that was one of the named plaintiffs in Case No. 17-cv-02747, etc. The Plaintiffs' argument here that the identity requirement is not satisfied because some plaintiffs in the 2017 cases are not now plaintiffs in these cases is meritless. The doctrine of *res judicata* applies to claims, not cases – that is why it is often referred to the doctrine of "claim preclusion". There is no dispute that the Plaintiffs in these actions previously asserted the same claims in the in the 2017 actions., Both the 2017 cases and those currently before the Court assert FLSA claims for unpaid overtime, and both cover, at least to a major extent, the same time periods.[3] Thus, the remaining questions are: (i) whether the dismissal of the Plaintiffs' 2017 claims constituted a determination on the merits, and (ii) whether the Plaintiffs had a full and fair opportunity to litigate in the 2017 actions.

Turning to the question of whether the Court entered "judgment on the merits" in the 2017 cases, it is undisputed that each of those cases ended with judgment of dismissal being entered against the named Plaintiffs pursuant to Fed. R. Civ. P. 12(b)(6). The general rule is that "a Rule 12(b)(6) dismissal is still an adjudication on the merits (not a technical or procedural

---

[3] The Plaintiffs have not argued that some portion of their current claims – that is, the portion that accrued after the filing of the 2017 cases – would survive *res judicata* because those claims were not yet ripe as of 2017 and thus could not have been brought in the 2017 action. In the absence of such an argument, the Court will not consider whether *res judicata* preclusion should be applied partially, rather than wholly here.

5

dismissal), since it requires an evaluation of the substance of the complaint." *Slocum v. Corporate Express U.S., Inc.*, 446 Fed.Appx. 957, 960 (10th Cir. 2011). Thus, such dismissals are typically granted *res judicata* effect. *Id.*

The Plaintiffs correctly note that, sometimes, dismissals under Fed. R. Civ. P. 12(b)(6) are made "without prejudice," a concept that the Plaintiffs here seem to equate with "not on the merits." *Citing e.g. Ostrzenski v. Siegal*, 177 F.3d 245, 252-53 (4th Cir. 1999). This argument is misplaced for two reasons. First, dismissals without prejudice typically result when the party has not yet been given an opportunity to cure its defective pleading with an amendment. Here, as the Court explained in footnote 3 of its June 22, 2018 Order, the Plaintiffs had already once amended their Complaints in response to DaVita's motions to dismiss, and "[t]he Court thus assume[d] that the instant pleadings reflect[ed] the Plaintiffs' best efforts to plead their FLSA claims." The Court noted that the Plaintiffs "have not requested, and the Court does not *sua sponte* grant, leave to the Plaintiffs in these cases to amend their complaints". This left the ball in the Plaintiffs' court - leaving open the possibility that the Plaintiffs could requested further leave to amend. But they did not do so.

Instead, they filed new lawsuits. This is exactly what happened in *Slocum* - one of the plaintiff's earlier complaints was expressly dismissed without prejudice, thereby allowing the plaintiff to attempt to replead, but "[s]he never did." 446 Fed.Appx. at 960. As a result, the 10th Circuit affirmed the trial court's application of res *judicata* effect to the dismissal order. Thus, even if the June 22, 2018 Order is considered to be a dismissal without prejudice, the Plaintiffs' failure to take any subsequent action to resuscitate the claims in their 2017 cases results in the

dismissal with prejudice subject to the doctrine of *res judicata* effect.[4]  Accordingly, the Court finds that the June 22, 2018 Order resulted in a judgment on the merits, satisfying the first element of the *res judicata* test.

The Plaintiffs' final argument is that because the Court's June 22, 2018 Order erred in its analysis of the 2017 Complaints, the Plaintiffs were deprived of a "full and fair opportunity" to litigate their claims.  This Court offers no opinion as to whether the Plaintiffs underlying accusations of error are correct, but for purposes of the remainder of this analysis, it will assume that they are.  The U.S. Supreme Court has addressed this precise situation, explaining that the *res judicata* effect of a prior judgment is not altered "by the fact that the judgment may have been wrong." *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).  As the Court there explained, "a [prior] judgment . . . based upon an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause of action." *Id.*  In other words, to the extent the Plaintiffs here believe this Court erred in its June 22, 2018 Order, their remedy was to timely appeal that Order to the 10th Circuit (or, at the very least, timely seek reconsideration by this Court).  The Plaintiffs did not do so, and their failure to take appropriate action in the 2017 cases does not allow them to instead re-file those claims with the hope that there is a different result.  Indeed, *Moitie* makes clear that allowing a party to seek to correct the court's error in one suit by filing a new suit, rather than appealing the original error, "was the very purpose [ ] the doctrine of *res judicata* [was intended] to avert."  452 U.S. at 398-99; *see also Petromanagement Corp. v. Acme-Thomas*

---

[4] The Court further notes that, although its June 22, 2018 Order was silent on whether the dismissal was with or without prejudice, Rule 41(b) presumes such silence to reflect a dismissal on the merits.  Again, the Plaintiffs never availed themselves of an opportunity to request clarification from the Court as to whether it intended its dismissal to be with or without prejudice.

*Joint Venture*, 835 F.2d 1329, 1334 (10th Cir. 1988) (court's erroneous denial of leave to amend or leave to consolidate "does not eliminate the possibility of claim preclusion"; "such errors should be corrected by appeal in the first proceeding," rather than the filing of a new action), *quoting* 18 C. Wright & Miller, <u>Federal Practice & Procedure</u>, § 4412 (3d Ed.). Thus, a simple allegation of error by the Court in the prior proceeding does not amount to a deprivation of the full and fair opportunity to litigate the claims in the prior lawsuit. A party's right to seek appellate review of such errors is included within the scope of that full and fair opportunity, and when a party fails to exercise it, the party essentially waives its right to assert trial court error in response to invocation of the doctrine of *res judicata*.

Accordingly, the Court finds that DaVita has sufficiently demonstrated that the instant claims by the Plaintiffs here are barred by the doctrine of *res judicata*. The Plaintiffs' claims in each of the captioned cases are dismissed.

## **CONCLUSION**

For the foregoing reasons, DaVita's Motions to Dismiss **(# 27** in -1589, **# 26** in -1591, **# 30** in -1593, and **# 27** in -1594) are **GRANTED**. All the claims in the captioned cases are **DISMISSED** and the Clerk of the Court shall close those cases. DaVita's Motions to Stay **(# 28** in -1589, **# 27** in -1591, **# 31** in -1593, and **# 28** in -1594) are **DENIED AS MOOT**.

Dated this 27th day of September, 2018.

                    **BY THE COURT:**

                    Marcia S. Krieger
                    Chief United States District Court Judge